■ ISRAEL ACOSTA et al., Respondents, v YALE CLUB OF NEW YORK CITY et al., Appellants. [690 NYS2d 544] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered July 10, 1998, which, in an action for, *inter alia,* employment discrimination based on race, denied defendant employers' motion to dismiss the complaint as a sanction for plaintiffs' having improperly or irregularly obtained disclosure, and granted plaintiff employees' cross motion to amend the complaint so as to allege retaliatory termination, unanimously affirmed, with costs.

Defendants' estoppel argument is improperly raised for the first time on appeal, and we decline to review it. In any event, were we to review, we would find that plaintiffs' claim that they were fired in retaliation for bringing the instant lawsuit is not precluded by an arbitrator's finding that plaintiffs' firings were justified by their refusal to return documents belonging to defendants that had come into their possession. Plaintiffs'

refusal to return the documents might have been used. by defendants as a pretext for the firings, or perhaps formed part of a mixed motive along with the lawsuit (*see, McKennon v Nashville Banner Publ. Co.*, 513 US 352, 360). Defendants' motives for firing plaintiffs were not before the arbitrator. Moreover, the arbitrator's finding is not determinative of defendants' claim that the documents in question were improperly or irregularly obtained within the meaning of CPLR 3103 (c). The arbitrator did not find that the documents were stolen by plaintiffs, only that they were improperly retained, and such a finding cannot presently be made on the record before us. Nor did the arbitrator consider whether the documents were subject to discovery in the instant action. There can be no prejudice to defendants in plaintiffs' possession of documents that are directly relevant to their claims and as to which no claim of privilege is made (*compare, Lipin v Bender*, 84 NY2d 562, 572).

Any issues raised by the execution and delivery to defendant of a release by a single plaintiff are left by us for disposition at trial. Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.