■ State of New York et al., Respondents, v Philip Morris Incorporated et al., Appellants. State of New York et al.,

Respondents, v PHILIP MORRIS INCORPORATED et al., Appellants. COMMONWEALTH BRANDS, INC., et al., Nonparty Appellants. [858 NYS2d 134]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 31, 2007, which, to the extent appealed from, granted plaintiffs' motion for a declaratory order and denied the cross motion of defendants R.J. Reynolds, Philip Morris and Lorillard (the Original Participating Manufacturers) to compel arbitration, unanimously reversed, on the law, without costs, the motion denied in its entirety and the cross motion granted in its entirety. Order, same court and Justice, entered January 18, 2008, which, insofar as it denied the cross motion of the Original Participating Manufacturers and the "nonparty" Subsequent Participating Manufacturers (collectively, the Participating Manufacturers) to compel the State to participate in an arbitration in which the Participating Manufacturers constitute one side and the Settling States (defined infra) collectively constitute the other side, unanimously reversed, on the law, without costs, and the cross motion granted. Appeal from so much of that order as granted plaintiffs' motion to direct the Participating Manufacturers to select their arbitrator within 30 days, unanimously dismissed, without costs, as moot. Further proceedings in this action shall be before a different Justice.

On a prior appeal, the Court of Appeals concluded that "the questions whether New York enacted and diligently enforced a Qualifying Statute and whether it was correctly spared the NPM [Non-Participating Manufacturer] adjustment are arbitrable" (8 NY3d 574, 581-582 [2007]). Since the issue of diligent enforcement is arbitrable, the issue of whether the June 2003 agreements between the Original Participating Manufacturers and the 52 states and territories that settled certain tobacco-related lawsuits (the Settling States) preclude the Original Participating Manufacturers from alleging a lack of diligent enforcement is also arbitrable (*see Matter of Opark Constr. Corp. [Eureka Constructors]*, 42 NY2d 1025 [1977]; *see also e.g. State v Philip Morris USA, Inc.*, 155 NH 598, 609-610, 927 A2d 503, 512-513 [2007]; *State v Philip Morris Inc.*, 179 Md App 140, 167, 944 A2d 1167, 1183 [Ct Spec App 2008]). Plaintiffs did not argue below that the June 2003 agreements were merely collateral to the Master Settlement Agreement (the agreement containing the arbitration clause); hence, we decline to consider this argument (*see e.g. Acosta v Yale Club of N.Y. City*, 261 AD2d 261 [1999]).

On the prior appeal, the State of New York was ordered to arbitrate whether it diligently enforced its Qualifying Statute (*see Philip Morris*, 8 NY3d at 581-582), not simply whether the independent auditor could presume that the Settling States had diligently enforced their Qualifying Statutes. This Court rejected plaintiffs' arguments that each Settling State constituted a "side" to the dispute, under section XI (c) of the Master Settlement Agreement, with the right to select its own arbitrator (30 AD3d 26, 32 [2006], *affd* 8 NY3d 574 [2007]). Other courts have also concluded that the Settling States constitute one side for purposes of the diligent enforcement dispute (*see e.g. State ex rel. Riley v Lorillard Tobacco Co., Inc.*, — So 2d —, 2008 WL 821054, *8-10, 2008 Ala LEXIS 62, *31-35 [Ala 2008]; *see also State v Philip Morris, Inc.*, 279 Conn 785, 800 n 12, 905 A2d 42, 50 n 12 [2006]; *State, ex rel. Carter v Philip Morris Tobacco Co.*, 879 NE2d 1212, 1220 [Ind Ct App 2008]; *State v Philip Morris Inc.*, 179 Md App at 163, 944 A2d at 1180-1181).

Since the Participating Manufacturers have selected their arbitrator, the appeal from that part of the order is moot. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.